PAULINE ZALINSKY, Plaintiff, *v.* WOLF ZALINSKY, Defendant.

(Supreme Court, New York Special Term, April, 1918.)

Marriage — lunatics — actions — motions and orders — guardians — Code Civ. Pro. § 427.

In an action for the annulment of a marriage an order appointing a special guardian for the defendant who is confined in the Central Islip State Hospital will not be granted,

but where no order has been made requiring a copy of the summons to be delivered, in behalf of the defendant, to the person designated in the order, the plaintiff as required by section 427 of the Code of Civil Procedure may submit a proposed order for the appointment of a person to look after the interests of the defendant, said order to contain a provision that a copy thereof shall be served upon the defendant as well as upon the superintendent of the hospital.

ACTION for an annulment of marriage.

Julius Bregman, for plaintiff.

Merton E. Lewis, Attorney-General, for defendant.

GREENBAUM, J. This action is brought for an annulment of the marriage of the parties herein on the ground that the defendant was an idiot at the time of the marriage. No order has been made requiring a " copy of the summons to be also delivered, in behalf of the defendant to a person designated in the order," as provided by section 427 of the Code of Civil Procedure. The only order that was made was one permitting service of the summons on the defendant at the insane asylum at which he was confined and upon the superintendent of the said asylum. The summons was served as directed in the order. A motion is now made by the plaintiff asking that an order be granted appointing a " special guardian of the defendant in this action." It is to be observed that the defendant was confined in the Central Islip State Hospital merely under an *ex parte* commitment. It is true that section 477a of the Code of Civil Procedure expressly provides that the Supreme Court may appoint a guardian *ad litem* or special guardian " for an incompetent person, at any stage in any action or proceeding when it appears to the court necessary for the proper pro-

## 310

ŽALINSKY *v.* ŽALINSKY.

tection of the rights and interest of such * * * incompetent person,'' etc. It is to be observed that section 427 of the Code provides that where the court has reasonable ground to believe that one '' is mentally incapable adequately to protect his rights, although not judicially declared to be incompetent to manage his affairs,'' an order may be made '' requiring a copy of the summons to be also delivered, in behalf of the defendant, to a person designated in the order, and that service of the summons should not be deemed complete, until it is so delivered,'' thus raising a serious doubt as to whether or not the words '' incompetent person,'' referred to under section 477a, are intended to refer to one who has been '' judicially declared to be an incompetent,'' the language used in section 427. That section has been construed in *American Mortgage Co.* v. *Dewey,* 106 App. Div. 389. The court there held in effect that its provisions should be liberally construed under the broad equity powers of the court, so that the person designated should also be '' required to look after the interest of the alleged incompetent defendant.'' An order will not be granted as prayed for, but the plaintiff may submit a proposed order for the appointment of a person, as required by section 427 of the Code, including in the order that the person so designated shall be required to look after the interest of the incompetent, and providing that a copy of said order shall be served upon the incompetent as well as upon the superintendent of the Central Islip State Hospital, the place where the defendant is confined.

Ordered accordingly.